ANDREA T. MARTINEZ, United States Attorney (#9313)
STEPHEN L. NELSON, Assistant United States Attorney (#9547)
STEWART M. YOUNG, Assistant United States Attorney (#14377)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: Stephen.Nelson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE GUADALUPE RUIZ <br><br> Defendant | Case No. 2:22mj89-DAO <br><br> **SEALED** COMPLAINT <br><br> COUNT 1: Conspiracy to Distribute Cocaine, 21 U.S.C. §§ 841(a)(1) & 846 <br><br> Judge Daphne A. Oberg |

Before Daphne A. Oberg, United States Magistrate Judge for the District of Utah, appears the undersigned, who on oath deposes and says:

### COUNT 1
### 21 U.S.C. §§ 841(a)(1) & 846
### (Conspiracy to Distribute Cocaine)

Beginning on a date unknown, but at least as far back as January 25, 2022, and continuing to on or about February 10, 2022, in the District of Utah, and elsewhere,

JOSE GUADALUPE RUIZ

the defendant herein, did knowingly and intentionally conspire with others known and unknown, to distribute a controlled substance, to wit: cocaine, a Schedule II controlled substance, within the

1

meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and punishable pursuant to 21 U.S.C. §841(b)(1)(C).

## AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT

Complainant, Kevin Dalrymple, being duly sworn, hereby states that this Felony Complaint is based on information obtained through an investigation consisting of the following:

1. Your affiant is a Special Agent with the Federal Bureau of Investigation ("FBI"), where he is currently assigned to the FBI Wasatch Metro Drug Task Force and is tasked with investigating violent crimes, street gangs, firearm offenses, and drug trafficking. As a Special Agent with the FBI, your affiant has participated in several investigations involving drug offenses. Your affiant has been involved in the debriefing of defendants, witnesses, informants and others. Your affiant has written, reviewed, and executed numerous search warrants. As a federal agent, your affiant is authorized to investigate violations of laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States. Your affiant is familiar with the facts and circumstances alleged in this complaint.

2. Beginning in late 2021, the Federal Bureau of Investigation ("FBI") and the Davis Metro Narcotics Strike Force ("DMNSF") initiated an investigation on a Drug Trafficking Organization that was importing large amounts of cocaine into the District of Utah. During the investigation, agents identified Leonardo Ortiz-Rios ("ORTIZ"), who agents believe is the source of cocaine supply for the organization. Through subsequent investigative steps, including a court-authorized Title III wire order, agents identified Jose Guadalupe RUIZ ("RUIZ") who agents believe is sourced cocaine by ORTIZ and later redistributes the cocaine to customers of his own. Law enforcement agents are familiar with RUIZ's criminal history and know that RUIZ has a prior felony conviction for distribute/offer/arrange to distribute a controlled substance.

3. On or about January 25, 2022, agents intercepted a call between ORTIZ and RUIZ at telephone number 801-836-6110.  In summary, during the call as translated by a certified FBI linguist, ORTIZ advised RUIZ that he was working, and RUIZ informed that he was leaving his house.  RUIZ then asked ORTIZ for two.  ORTIZ then discussed meeting at the same place next to the Rancho Market.  At approximately 2:27 P.M., agents intercepted another call between ORTIZ and RUIZ.   In summary, RUIZ advised ORTIZ that he's in a white car. ORTIZ then informed that he was at the light and almost there.  At approximately 3:32 P.M., an agent observed ORTIZ's Toyota Tacoma arrive at the parking lot of Rancho Market located at 4626 S 4000 W, West Valley City, Utah.  Thereafter, an agent observed RUIZ enter the passenger seat of the Toyota Tacoma for a short period of time.  Your affiant believes that when RUIZ asked ORTIZ for "two" he was asking for a quantity of cocaine.  Your affiant believes that RUIZ later met with ORTIZ for the drug exchange as observed by surveillance.

4. On or about February 7, 2022, agents intercepted a call between ORTIZ and RUIZ at telephone number 801-836-6110.  During the call, as translated by a certified FBI Linguist, RUIZ advised that he just got paid.  ORTIZ informed RUIZ that he is working.  RUIZ stated that he wanted two.  ORTIZ told RUIZ to give him 40 minutes and they can meet in the same place to which RUIZ agreed.   During subsequent intercepted calls, RUIZ and ORTIZ continued to arrange a place to meet. Your affiant believes that during these wire communications when RUIZ asked ORTIZ for "two" he was attempting to purchase a quantity of cocaine.

5. On February 10, 2022, agents of the FBI and Safe Streets Task Force ("SSTF") executed an arrest of RUIZ based off probable cause that he was distributing cocaine.  During the arrest operation, RUIZ was found to have numerous small plastic-wrapped packages of cocaine on his person. The total quantity of cocaine found on his person was approximately 40 grams.  The

evidence presumptively tested positive for cocaine. Your affiant knows that the separating of a larger quantity of cocaine into smaller individually wrapped packages is consistent behavior with individuals who are involved in the distribution of cocaine.

6. During a post Miranda interview, RUIZ identified ORTIZ as the individual that he purchased cocaine from. RUIZ stated that he would pick up approximately 2 ounces of cocaine at a time from ORTIZ. RUIZ that he had purchase cocaine from ORTIZ just a few days prior to the interview. RUIZ provided that his telephone number was 801-836-6110. RUIZ advised that after purchasing the cocaine he would resell it to drug customers of his own. RUIZ stated that he made an additional $500 per ounce of cocaine that he sold. RUIZ informed that he only used a small quantity of the purchased cocaine for personal use. RUIZ described that the amount he used wasn't enough to snort and was only enough for him to taste on his gums.

7. The quantity of cocaine that RUIZ stated that he has purchased from ORTIZ during the course of this investigation are consistent with redistribution as opposed to personal use. Based on the foregoing information, your affiant believes that RUIZ is a co-conspirator of the DTO. I respectfully request an arrest warrant be issued for RUIZ for violations of 21 U.S.C. §841(a)(1) & 846, Conspiracy to Distribute Cocaine.

_____
Kevin Dalrymple
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO BEFORE ME this 11th day of February, 2022.

_____
Judge Daphne A. Oberg
United States Magistrate Judge

APPROVED AS TO FORM:

ANDREA T. MARTINEZ
United States Attorney

/s/ *Stephen L. Nelson*

_____

STEPHEN L. NELSON
STEWART M. YOUNG
Assistant United States Attorney